No. 10,428.

## THE STATE *v.* WEAVER ET AL.

CRIMINAL LAW.—*Selling Intoxicating Liquor on Election Day.—Indictment.*—
In a prosecution for selling intoxicating liquor upon an election day, it is necessary, under the statute, for the indictment to state the name of the township in which the liquor was sold and in which the election was held, although the time named in the indictment is that on which the law requires general township elections to be held.

From the Criminal Court of Allen County.

*W. S. O'Rourke*, Prosecuting Attorney, for the State..

ELLIOTT, J.—The indictment preferred against the appellees was quashed, upon their motion, and the State appeals.

The indictment professes to charge the appellees with a violation of the statute prohibiting the sale of intoxicating liquor upon election days. It does not state the name of the township in which the liquor was sold, nor does it state the name of the township in which the township election was held, and this omission is fatal. The theory of the State is, that as the time named in the indictment is that on which the law requires that general township elections shall be held, the court will take judicial knowledge that an election was held on that day in all the townships of the State. It is no doubt true that courts do take judicial notice of the times for holding general elections; where, however, the character of an act depends upon the question whether an election was or was not held, it devolves. upon the State to charge, in direct terms, that an election was held at the time and in the township where the act was performed. If the act was criminal only in the event that an election was actually held, that fact must be alleged, for it is an essential element of the offence. If we should place in equal rank the presumption of innocence and the presumption that the public officers did their duty and held an election on the day fixed by law, then the scale would be equally balanced, and of course no offence be made out. It is for the State to destroy this equilibrium, and allege all

facts essential to the existence of the offence sought to be charged; but we are not to be understood as holding that the presumptions named are of equal strength.; on the contrary, we are clear that no man could ever be convicted of a crime upon the unsupported presumption that public officers perform their duties.

Judgment affirmed.